IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALLIANCE WIRELESS** | § | |
| **TECHNOLOGIES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-245-L** |
| | § | |
| **MARIE CASELLA-WISEMAN** | § | |
| **INDIVIDUALLY AND D/B/A** | § | |
| **3RD EYE SURVEILLANCE SYSTEMS,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion for Leave to File Answer (Doc. 9), filed February 15, 2013; Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 12), filed March 14, 2013; and Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 15), filed April 3, 2013. After careful consideration of the motions, memoranda in support of the motions, record, and applicable law, the court **grants** Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 12) and Defendant's Motion for Leave to File Answer (Doc. 9). The court **denies as moot** Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 15).

**I.   Background**

Plaintiff Alliance Wireless Technologies, Inc. ("Plaintiff" or "Alliance") brought this trademark infringement action against Defendant Marie Casella-Wiseman d/b/a 3rd Eye Surveillance Systems ("Defendant" or "Casella") on January 18, 2013. Casella was served with process on January 21, 2013 (Doc. 6). On February 13, 2013, Alliance moved for an entry of default by the

clerk. Casella requests the court to set aside the clerk's entry of default and contends that good cause exists to set aside the default entered by the clerk. The court agrees.

**II.      Discussion**

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992).

Casella states that setting aside the default will not prejudice Alliance; that she has a meritorious defense; that she took quick action to remedy the default as soon as she learned of it; and that her failure to answer was not willful and instead resulted from an inadvertent error or miscommunication between her retained counsel and insurer as to whom would represent her and file an answer on her behalf in this action. Alliance counters that the alleged error was intentional because "both Defendant's and all parties who could have acted upon [her] behalf, namely Defendant's insurance carrier and Defendant's counsel Kennedy Law, PC, either willfully ignored or were instructed to ignore the Lawsuit." Pl.'s Mot. for Leave to File Sur-Reply ¶ 5. Alliance further contends that Casella does not have a meritorious defense and that it will be prejudiced

**Memorandum Opinion and Order – Page 2**

because Plaintiff and Defendant are engaged in ongoing competition in the surveillance system business. Alliance asserts that it is for this reason that it has sought injunctive relief against Casella.

After consideration of the record, the court concludes that Casella's failure to appear was not willful. Additionally, the court cannot say at this early stage of the litigation that Casella does not have a meritorious defense. With regard to Alliance's contention that it will be prejudiced, the court will consider the request for temporary restraining order included in its Complaint after Casella files her original answer and responds to the request for temporary restraining order. The court therefore determines that good cause exists to set aside the default entered by the clerk on February 13, 2013. As the court will set aside the default, it will also grant Casella's motion for leave to file her original answer. Having determined that the default should be set aside, Plaintiff's motion for leave to file a surreply is moot and will be denied as such.

## III. Conclusion

For the reasons herein stated, the court determines that good cause exists to set aside the clerk's entry of default against Defendant. Accordingly, the court **grants** Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 12) and the default entered by the clerk against Defendant on February 13, 2013 is hereby **set aside**. Further, the court **grants** Defendant's Motion for Leave to File Answer (Doc. 9) and **denies as moot** Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 15). Defendant is **directed** to file her original answer to Plaintiff's Original Complaint by **June 25, 2013.** Defendant **shall** also file by **July 9, 2013**, a separate response to the Application for Temporary Restraining Order included in Alliance's Original Complaint.

**It is so ordered** this 18th day of June, 2013.

                                               Sam A. Lindsay
                                               United States District Judge