IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLIANCE WIRELESS TECHNOLOGIES, INC., § § § Plaintiff, § § v. § § MARIE CASELLA-WISEMAN § INDIVIDUALLY AND D/B/A § 3RD EYE SURVEILLANCE SYSTEMS, § § Defendant. § | Civil Action No. **3:13-CV-245-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Application for Temporary Restraining Order, filed January 18, 2013. After carefully reviewing Plaintiff's application, the record, and applicable law, the court **denies without prejudice** Plaintiff's Application for Temporary Restraining Order.

**I.     Factual and Procedural Background**

Plaintiff Alliance Wireless Technologies, Inc. ("Plaintiff" or "Alliance") brought this trademark infringement action against Defendant Marie Casella-Wiseman d/b/a 3rd Eye Surveillance Systems ("Defendant" or "Casella") on January 18, 2013, asserting federal and state claims for trademark and trade dress infringement, unfair competition, unjust enrichment, and tortious interference. Plaintiff also seeks a declaratory judgment, an accounting, and a temporary restraining order ("TRO"). In its memorandum opinion and order dated June 18, 2013, the court indicated that it would delay ruling on Plaintiff's request for a TRO until after Defendant filed a response and answer. On July 9, 2013, Defendant responded to Plaintiff's request for a TRO as directed by the

**Memorandum Opinion and Order - Page 1**

court. Accordingly, the court now considers Plaintiff's Application for Temporary Restraining Order.

## II.   Standard Applicable to Preliminary Injunctions and Temporary Restraining Orders

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order ("TRO"). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.*, 760 F.2d at 621. Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains

discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

**III.   Discussion**

Plaintiff seeks a TRO enjoining Defendant from:

a. manufacturing, marketing, or selling products or offering services based on, bearing, incorporating, or derived from Plaintiff's trademarks and trade dress;

b. endorsing, sponsoring, contributing to, or otherwise approving of the manufacture, marketing, or sale of products or offering of services based on, bearing, incorporating, or derived from Plaintiff's trademarks and trade dress; and,

c. using Plaintiff's 3rd Eye Marks or any deceptively similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, fictitious business name, trade name component.

Pl.'s Compl. 14-15.  Plaintiff also requests an order requiring Defendant to:

iii. . . . deliver to Plaintiff all materials in Defendant's possession, custody, or control, the possession and/or use of which would violate Plaintiff's proprietary rights including, without limitation, its right to the 3rd Eye Marks and trade dress, including an Order requiring Plaintiff to identify vendors used to produce their infringing goods and clients who have purchased the infringing goods; [and]

iv. . . . prepare, at its sole expense, a true and accurate audited accounting of all of the activities of Defendant, including, without limitation, all activities related to its acquisition, marketing, and disposal, sale, or transfer of any goods or any other product bearing Plaintiff's 3rd Eye Marks or incorporating Plaintiff's proprietary rights.

*Id.* at 15.

In response, Defendant contends that given the almost nine-year delay in bringing this action, the harm to Defendant in changing products and marketing materials to comply with a TRO far outweighs any harm that Plaintiff might experience in the absence of a TRO.  Defendant further asserts that any alleged harm to Plaintiff is not irreparable because it has been able to manage its

**Memorandum Opinion and Order - Page 3**

business for this long without substantial harm and any apparent motivation to file suit, whereas the harm to Defendant's business would be substantial. Defendant contends that Plaintiff has offered no evidence of confusion or deception; no proof that customers have purchased Defendant's goods instead of Plaintiff's goods; and no explanation as to how Defendant has been unjustly enriched. Defendant also denies ever having heard of Plaintiff before this dispute arose. In support of her response, Defendant submitted a declaration, an Assumed Name Certificate for 3rd Eye Surveillance Systems recorded in Collin County, Texas, and other information to contrast the differences between the parties' products.

The court agrees that Plaintiff has not met its burden as the movant seeking a TRO. Plaintiff's Complaint is not verified, and other than certain exhibits attached to its Complaint pertaining to its alleged trademark registrations and pictures of its product, Plaintiff has provided no evidence to lend credibility to the allegations in its Complaint. The court therefore concludes, based on the limited record before it, that Plaintiff has not shown a substantial likelihood of success on the merits or a substantial threat of irreparable harm. Further, Plaintiff has not shown that the threatened injury to it outweighs the threatened harm to Defendant. Accordingly, Plaintiff has not shown that it is entitled to a TRO.

### IV.   Conclusion

For the reasons herein stated, Plaintiff has not met its burden of establishing the requirements for a TRO and is therefore not entitled to a preliminary injunction or TRO. The court therefore **denies without prejudice** Plaintiff's Application for Temporary Restraining Order.

**It is so ordered** this 16th day of July, 2013.

Sam A. Lindsay
United States District Judge